## 35548. ORR *v.* LYONS *et al.*

NICHOLS, J.   1. Code § 81-501 deals with jurisdiction.   Accordingly, the plaintiff's ground of demurrer, that the traverse was not in compliance with the above-mentioned section is without merit, since the traverse had reference to lack of legal service upon the defendant Lyons.

2. The ground of demurrer, that the traverse was void because it failed to show the defendant Lyons' actual present residence, is without merit for the reason above mentioned.

3. The ground of the plaintiff's demurrer, that the traverse and the court's order thereon were void because the order directs a return to the next term of court, is without merit for the reason that a demurrer may not be used to attack an order of court, and as ruled above, the traverse is not subject to the objection mentioned in headnote 1.

4. The provisions of Rule 26 of the Superior Courts (Code, Ann. Supp., § 24-3326) apply only to service on the attorney of record after the defendant has been properly served and brought into court, and has employed an attorney to represent him.   *Harris* v. *Harris,* 205 *Ga.* 105 (1) (52 S. E. 2d 598); *Beebe* v. *Smith,* 76 *Ga. App.* 391, 402 (46 S. E. 2d 212).   In the present case there was no attorney of record on whom service could be perfected.   Accordingly, the trial court did not err in sustaining Lyons' demurrer (without waiving the traverse) to the proffered amendment, in which the plaintiff sought to perfect service by serving the attorney who was not in fact the attorney of record for Lyons.

5. Where, as recited in the court's order, dismissing the action as to Lyons, it was stipulated that the facts alleged in the traverse were true, the court did not err, after having theretofore overruled the plaintiff's demurrer to the traverse, and having sustained the demurrer to the plaintiff's proffered amendment seeking to perfect service upon an attorney who was not Lyons' attorney of record, in dismissing the action as to Lyons.

*Judgment affirmed.   Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 11, 1955.

*Stow & Andrews, Head & Hanna,* for plaintiff in error.
*W. Colquitt Carter, Alex W. Smith, Jr.,* contra.